UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES CARL KELLY,

    Plaintiff,

v.

T. ALLEN, et al.,

    Defendants.

Case No. 22-cv-02719-JST

**ORDER TO SHOW CAUSE**

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. ECF No. 2. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g).

**DISCUSSION**

Plaintiff is a frequent litigant. Plaintiff has filed at least ten civil rights cases in this district, *see, e.g.*, *Kelly v. Quintero et al.*, C No. 21-cv-5127 JST; *Kelly v. Salinas Valley State Prison, et al.*, C No. 21-cv-04498; *Kelly v. Paredes et al*, C No. 20-cv-08987 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3138 SI; *Kelly v. Wood, et al.*, C No. 19-cv-3086 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-3084 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0125 SI; *Kelly v. Warden, et al.*, C No. 19-cv-0046; *Kelly v. Sullivan, et al.*, C No. 19-cv-0045; *Kelly v. Sullivan, et al.*, C No. 18-cv-6386; and *Kelly v. Sullivan*, C No. 18-cv-6351 EMC. He has also filed a number of cases in the Eastern District of California. In C Nos. 20-cv-08987, 19-cv-3138 SI, 19-cv-3084 SI, 19-cv-0125 SI, 19-cv-0046 SI, and 19-cv-0045 SI, Plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

### A. 28 U.S.C. § 1915(g)

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes. The mere fact that Plaintiff has filed many cases in the federal courts does not warrant dismissal under Section 1915(g). *See id.* Rather, dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Id.* at 1120. *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

2

**B.     Complaint**

Plaintiff commenced this action by mailing the complaint to the Court on or about April 30, 2022. ECF No. 1 at 3-5. He has named as defendants SVSP Warden Allen, Warden Atenley, CDW Lemon, psychologist Molhotra, psychologist Tinius, RN Ronque, Dr. Gamboa, Dr. Paredes, Dr. Yeh, Dr. Lamb, Chief Gates, healthcare review nurse M. Villanueva, reviewing authority Gorgrey Pidlla, and Dr. Lara Denils. ECF No. 1 at 1-2, 4.

The complaint makes the following allegations.

Plaintiff is a past victim of rape. Plaintiff has degenerative disk disease with a pinched nerve in his left buttock, leg, and heel. From 2003 to 2008, Plaintiff was denied medical treatment and mental health treatment. Over the past 18 years, Plaintiff has been lied to regarding his chronic pain and his internal bleeding. Plaintiff has been unable to obtain the gloves necessary to operate his wheelchair. Drs. Gamboa and Paredes falsely accused him of selling his Tylenol 3 with codeine. Dr. Denils said that Plaintiff would be sent to a medical facility but this did not happen. Dr. Yeh is Plaintiff's new doctor; Dr. Lamb stated on April 20, 2022 that Plaintiff would see Dr. Yeh; and Plaintiff has not yet seen Dr. Yeh. Psychologist Tinius does not believe that Plaintiff is a rape victim. There are no prison rape groups to help Plaintiff adjust. Defendant Molhotra only wants to prescribe Plaintiff psychiatric medications but nothing else. Defendants Gates, Villanueva, and Pidlla reviewed Plaintiff's grievances and say that a plan is in place but that plan has been in place since May 24, 2003 and Plaintiff has been moved all over the place and denied medical treatment and mental health treatment. Judge Bea ruled in his favor in 2010 and prison authorities are not abiding by Judge Bea's ruling. Plaintiff seeks the following relief. He wants to be able to use his wheelchair correctly with the gloves, to be housed in a medical facility where he can obtain treatment for his chronic pain, to not be denied medical help when he needs, and "to receive the ruling the judge gave me." *See generally* ECF No. 1.

**C.     Analysis**

A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Kelly v. Sao*, E.

3

1  D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal.
2  No. 18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal.
3  No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff
4  did not file amended complaint curing deficiencies identified in initial complaint).

   The complaint does not allege that Plaintiff is in imminent danger of serious physical injury. Nor can the complaint's allegations be construed as plausibly alleging that Plaintiff faces imminent danger of serious physical injury. Plaintiff makes general complaints about his medical treatment over the past twenty years. However, despite his complaints, Plaintiff's medical conditions appears to be managed, albeit not to his satisfaction. The attachment to the complaint indicates that Plaintiff is seen regularly by his primary care provider, that he was seen by a cardiologist in 2019 and 2020 for evaluation, that he only intermittently uses a wheelchair, and that he has multiple medications for pain management. ECF No. 1 at 6-8, 16, 19, 28. While the record is silent as to Plaintiff's medical condition and treatment at the time he filed his complaint (April 2022), Plaintiff's complaints concern chronic conditions that date back twenty years and he has not alleged any specific issue, separate from the chronic conditions and overall dissatisfaction with his medical care, that placed him at imminent risk of serious physical injury at the time that he filed this action.

   In light of the dismissals of three prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied. In the alternative, he may pay the full filing fee of $402.00 by the deadline.

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. In the alternative, he may pay the $402.00 filing fee in full. Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: June 14, 2022



JON S. TIGAR
United States District Judge